WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Simmons,<br>            Petitioner,<br>v.<br>United States of America,<br>            Respondent.<br>_____ | CV 10-0030 TUC DCB<br>CR 04-2090 TUC DCB<br><br>**ORDER** |

Pending before this Court is Petitioner's "Amended Motion to Modify and Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Petition"). Petitioner argues that he is being denied his Fifth and Sixth Amendment rights because his attorney conspired with the prosecuting attorney to plant evidence in the case. (Ground 1.)  Petitioner argues Sixth and Seventh Amendment violations because this Court "convicted" him of having 4,600 to 5,000 pounds of marijuana, when the jury convicted him of 1,081 pounds. (Ground Two.)  He argues the Eighth Amendment was violated because he was sentenced to 25 years in prison for 1,081 pounds of marijuana based on his race. (Ground Three.)  He argues the Fifth and Sixth Amendments were violated because the statutory maximum for 1,081 pounds of weed is 5 years, not 40 years. (Ground Four.)

## BACKGROUND

On October 2, 2006, Defendant was convicted of conspiracy to possess with intent to distribute between 100 and 1,000 kilograms of marijuana (Count II), possession with intent to distribute between 100 and 1,000 kilograms of marijuana, and aiding and

abetting (Count Three), and possession with intent to distribute less than 100 kilograms of marijuana, and aiding and abetting (Count Four).  He was acquitted on charges of a continuing criminal enterprise (Count One) and two counts of possession with intent to distribute marijuana (Counts Five and Six).

On December 14, 2006, this Court sentenced the Defendant to 300 months on Counts 2 and 3, and 240 months on Count 4 to run concurrently.  He was sentenced to five years of supervised release and ordered to pay a $300 special assessment and a $25,000 fine.  The Court based the sentence on a base offense level of 32, finding that the Defendant was responsible for 1,000-3,000 kilograms of marijuana.  The Court relied on the Presentence Report's relevant conduct analysis, which determined that the Defendant was accountable for 2,361 kilograms of marijuana.  The Court also found by clear and convincing evidence, if not beyond a reasonable doubt, that the Defendant was an organizer or leader within the drug conspiracy, notwithstanding his acquittal on the continuing criminal enterprise count.  This raised the base offense level to 36.  Defendant had a criminal history category IV.  The advisory guideline sentencing range was 262 to 327 months.

The Defendant appealed his conviction and sentence.  He argued that this Court disregarded the jury's determination regarding the amount of marijuana attributable to him  and wrongly found that he was an organizer or leader of the criminal scheme when the jury had acquitted him of that conduct.  The Court of Appeals rejected both of these arguments and affirmed this Court's sentence.

## PROCEDURE

Pursuant to 28 U.S.C. § 2255, a petition for writ of habeas corpus should be presented to the court which imposed the allegedly improper sentence. 28 U.S.C. § 2255. According to Rule 4(a) of the Rules Governing Section 2255 Proceedings, the petition

2

1    *shall* be directed to the judge who sentenced the petitioner.  Therefore, this Court
2    considers the merits of the Petition.

3    When a § 2255 motion is made, "[u]nless the motion and the files and records of
4    the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant
5    a prompt hearing thereon." 28 U.S.C. § 2255. The standard is whether the Petitioner has
6    made specific factual allegations that, if true, state a claim on which relief could be
7    granted. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied,* 451
8    U.S. 938 (1981). A hearing must be granted unless the Petitioner's allegations, when
9    viewed against the record, do not state a claim for relief or are so palpably incredible or
10   patently frivolous as to warrant summary dismissal.  *Blackledge v. Allison,* 431 U.S. 63,
11   76 (1977); *Baumann v. United States,* 692 F.2d 565, 571, 581 (9th Cir.1982).

12   The Petitioner's allegations, viewed against the record, reflect that the Petitioner
13   is entitled to no relief and summary dismissal, without a hearing, is warranted.

## DISCUSSION

15   Claims are procedurally defaulted if the Defendant either unsuccessfully raised
16   them on direct appeal, or failed to raise them on appeal when he could have raised them.
17   "If a criminal defendant could have raised a claim of error on direct appeal but
18   nonetheless failed to do so, he must demonstrate both cause excusing his procedural
19   default and actual prejudice resulting from the claim of error."  *United States v. Johnson*,
20   988 F.2d 941, 945 (9th Cir. 1993).  Section 2255 is not designed to give prisoners another
21   appeal.  *United States v. Dunham*, 767 F.2d 1395, 1396 (9th Cir. 1985).

22   The Defendant's arguments challenging the amount of marijuana, the sentencing
23   enhancement for being a leader, and the statutory maximum applicable to his case were
24   litigated and resolved by the Ninth Circuit Court of Appeals against him and cannot be
25   revisited.  He could have, but did not, raise claims of racial discrimination or that his
26   sentence amounted to cruel and unusual punishment.

1  Even if the Defendant's claims were not procedurally barred, the Petition would
2 be dismissed because they lack merit.
3  As the Ninth Circuit found in its decision on direct appeal, there is no merit to
4 Defendant's argument that the Court's determination regarding the amount of marijuana
5 attributable to the Defendant violated his constitutional rights because the "judge's
6 quantity determination did not lead to a sentence above the statutory maximum." *United
7 States v. Simmons*, No. 07-10023, 2008 WL 859161 at *1 (9th Cir. March 28, 2008).  The
8 Constitution requires that drug quantity under the statute must be found by the jury, but
9 the judge retains the authority to sentence within the statutory range.  *United States v.
10 Buckland*, 289 F.3d 558, 570 (9th cir. 2002) (explaining *Apprendi v. New Jersey*, 530 U.S.
11 466, 490 (2000)).  Here, the jury's verdict of 100 to 1,000 kilograms of marijuana set the
12 statutory maximum sentence at 40 years, not five years.  The 25-year sentence imposed
13 by the Court was within that range.
14  The Eighth Amendment prohibits "extreme sentences that are grossly
15 disproportionate to the crime."  *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992).
16 As the Ninth Circuit noted on direct appeal, the Defendant's sentence was below the
17 statutory maximum.  Reviewing courts, grant substantial deference to the broad authority
18 that legislatures possess to determine the types and limits of punishments for crimes, and
19 the discretion that trial courts possess in sentencing convicted criminals.  *Solem v. Helm*,
20 463 U.S. 277, 289-90 (1983).  Generally, a court will not overturn a sentence that does
21 not exceed the statutory maximum.  *United States v. Zavala-Serra*, 853 F.2d 1512, 1518
22 (9th Cir. 1988).  Defendant offers no evidence to support his claim that his sentence was
23 based on his race.  The evidence instead reflects that he was sentenced based on guideline
24 provisions and below the statutory maximum.  The purpose of the Sentencing Guidelines
25 is to create sentencing uniformity among those convicted for the same federal crimes.

4

*United States v. Reyes*, 966 F.2d 508, 510 (9th Cir. 1992).  The Defendant was sentenced accordingly.

To the extent the Defendant asserts a claim of ineffective assistance of counsel, it is aimed at Walter Nash, who is accused of "trying" to plant false evidence. (Amended Petition at 5.)  Defendant was represented at trial by James Parkman.  Defendant claims ineffective assistance of counsel by Parkman in explanation as to why he did not raise the claim against Walter Nash on direct appeal.  As there is no merit to a claim of ineffective trial counsel against an attorney that did not represent the Petitioner at trial, it was not ineffective assistance of counsel for Mr. Parkman to not make this argument on direct appeal.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court enunciated the standards for judging a criminal defendant's contention that the Constitution requires a conviction to be set aside because counsel's assistance at trial was ineffective in *Strickland v. Washington,* 466 U.S. 668 (1984).  First, the defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* at 688-90.  Second, the defendant must affirmatively prove prejudice. *Id.* at 691-92.  He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

In other words, to prevail on a claim of ineffective assistance, the Petitioner must show both that his counsel's performance was deficient and that this prejudiced his case.

1  *Id.* at 688.  He can do neither because Walter Nash did not represent him at trial, at
2  sentencing, or in any other out-come determinative aspect of the case.

## CONCLUSION

There being no merit to any claim raised in the Petition and his claims also being precluded by the same finding of no merit on direct appeal, the Petition is summarily dismissed.  Petitioner has also filed a Motion for Expedited Ruling on a Pending Motion for an Order Directing Discharged Counsel James W. Parkman, III to Return Defendant's File and Records.  (Doc. 428).  He previously filed the same motion on January 12, 2010, which was followed by Mr. Parkman's Notice, filed on January 29, 2010, that he had returned by FedEx the file to the Defendant's mother, Helen Simmons, as requested. (Doc. 420.)

**Accordingly,**

**IT IS ORDERED** that Petitioner's Amended Motion to Modify and Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 9) in CV 10-30 TUC DCB and (Doc. 429) in CR 04-2090 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that CV 10-30 TUC DCB is dismissed with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that in CR 04-2090 TUC DCB, the Motion for Expedited Ruling (doc. 428) and Motion for Return of File (doc. 415) are DENIED AS MOOT.  The Clerk of the Court shall provide a copy of the Notice filed by attorney Parkman (doc. 420) to Petitioner.

DATED this 3rd day of January, 2011

David C. Bury
United States District Judge